# Law Firm of Steven M. Warshawsky

www.warshawskylawfirm.com

118 North Bedford Road, Suite 100  
Mount Kisco, New York 10549

Tel: (914) 864-3353  
Email: smw@warshawskylawfirm.com

April 2, 2025

**VIA ELECTRONIC CASE FILING**

Hon. Margaret M. Garnett  
United States District Court  
Southern District of New York  
40 Foley Square, Room 2102  
New York, NY 10007

      Re:    *Jing Liu v. Schulte Roth & Zabel LLP*  
               SDNY No. 1:23-CV-10781-MMG

Dear Judge Garnett:

I represent Plaintiff Jing Liu in the above-referenced civil action, which asserts federal, state, and city law claims for failure to accommodate Ms. Liu's religious objections to Defendant's COVID-19 vaccination policy.

### Discovery Dispute

I am writing pursuant to Your Honor's Individual Rules & Practices § II.A.6 to request the Court's ruling on an ongoing discovery dispute between the parties over Plaintiff's request for documentation relating to other employees who applied for religious exemptions to the policy ("comparator evidence"). Based on information contained in Defendant's EEOC position statement, it is Plaintiff's understanding that Defendant received requests for religious exemptions from six employees and one summer associate, with two employees and the summer associate being approved. As part of her initial discovery requests, Plaintiff requested documentation and information relating to such comparator evidence, including in Document Requests Nos. 15, 37, 38, 39, 52, 62, and Interrogatories Nos. 7, 8. Until last night, no such comparator evidence has been produced by Defendant, and the documentation produced last night was incomplete and inadequate, as explained below.

### History of Discovery Discussions

This comparator evidence has been an issue discussed by the parties practically from the start. As best I can reconstruct (having joined the case in February), prior plaintiff counsel Ms. Pine emailed defense counsel about the inadequacy of Defendant's discovery responses, which covered comparator evidence, on July 29, 2024. She followed up with a letter on or about August 26, 2024, after a telephone call with defense counsel (I'm unsure when or with whom).

I don't know what happened next, but there's clear evidence (emails) that Ms. Pine and defense counsel Mr. Scharf had a telephone call on October 24, 2024, during which the comparator evidence

1

was discussed. At that time, Mr. Scharf acknowledged that these documents had not been produced and that defense counsel "would look into this." By email dated 11/4/24 (part of an ongoing chain relating to discovery), Mr. Scharf asked Ms. Pine to "clarify" the type of comparator evidence Plaintiff was requesting. On November 12, 2024, Defendant filed a joint status letter stating that "Plaintiff has also requested that Defendant supplement its productions with documents related to, *inter alia*, Defendant's treatment of alleged comparator employees." (ECF 22 at 1.)

Further emails (between Ms. Pine and Ms. Liu) indicate that Ms. Pine had another discovery call with defense counsel (I'm unsure with whom) on January 9, 2025, during which the comparator evidence was discussed (among other issues) and defense counsel said they would discuss this issue with their client. Ms. Pine had yet another discovery call with defense counsel (I'm unsure with whom) on January 17, 2025, and defense counsel told her that they were going back and forth with their client about the comparator evidence (among other issues). I'm not aware of any further discovery discussions between Ms. Pine and defense counsel before Ms. Pine was dismissed from the case.

To bring this comparator evidence issue to a close once and for all, I emailed a letter to defense counsel on March 6, 2025. (*See* Exhibit A, letter; Exhibit B, email chain.) In my letter I stated:

*To avoid any ambiguity, I am requesting that Defendant produce the following documents for each of these seven comparators: initial request for a religious exemption including all supporting documentation, any additional or supplemental request for a religious exemption including all supporting documentation, emails and other written communications between SRZ and each individual concerning his or her request for a religious exemption, documents relating to the interactive process, SRZ's decision regarding each person's request, documentation concerning the reasons for SRZ's decision, any appeal/request for reconsideration of a denial, and for exemptions that were approved (religious or medical) documents describing the accommodations provided to the individual.*

Mr. Scharf confirmed receipt of my letter by email dated 3/6/25. Counsel had a brief telephone call about some preliminary scheduling issues on March 6, 2025, but we did not discuss the substance of the comparator evidence issue. Then I did not hear back about my letter for a couple weeks. On March 25, 2025, at the time I served Plaintiff's 30(b)(6) deposition notice, I asked when I was going to hear back, in particular about the comparator evidence issue. (Exhibit B.) On Friday, March 28, 2025, I left a voicemail for Mr. Scharf and followed up with an email about this issue. In my March 28 email I specifically stated "[m]y plan is to write to the court on Tuesday about this issue, but if we can resolve it that would be great." (Exhibit B.) I received an email later that morning from Mr. Smith saying that Mr. Scharf was in a deposition "but we will get back to you by Monday."

On Monday, March 31, 2025, at 10:05pm, I received an email from Mr. Smith stating that "we will have a production of documents to you by tomorrow which will include religious exemption requests of other employees at Defendant." (Exhibit B.) On Tuesday, April 1, 2025, at 11:30pm, Mr. Scharf emailed me with only 18 pages of documents relating to two comparators, one of whom was denied and one of whom was approved. No explanation was provided as to why only two comparators were included and why only certain documents for each comparator were provided. I emailed defense counsel this morning stating that last night's production "doesn't come close to what was requested" and advising that I would be writing to the Court today. (*See* Exhibit C.) I declined any further discussions on this issue. (Id.)

**Argument**

Defendant should be ordered to produce all of the documentation requested in my March 5, 2025 letter with respect to all employees (at least seven, but possibly more) who requested religious exemptions to Defendant's COVID-19 vaccination policy. (Of course, Plaintiff agrees that the documents may be anonymized.) I have received such comparator evidence in other religious accommodation cases, including *Jessica Bergin v. New York State Unified Court System*, 22-CV-5264-BMC (EDNY), and *Gabriel Dalmau v. City of New York*, 22-CV-6326-DG (EDNY).

Although the probative value of this comparator evidence cannot be fully evaluated without seeing the evidence, Plaintiff contends that such comparator evidence is relevant for two main issues:

First, such evidence will elucidate the standards applied – or not applied – by Defendant in evaluating the sufficiency of an employee's request for a religious exemption. Apparently three employees' religious exemptions were approved. What was different about their proffered religious justifications as compared to Ms. Liu and the other employees who were denied? To the extent that Defendant defends its decision in this case on the grounds that Ms. Liu's religious justification was insufficient, Plaintiff is entitled to challenge Defendant's position by examining this comparator evidence and cross-examining defense witnesses about any inconsistencies in how they evaluated and decided these various requests for religious exemptions. Importantly, the validity of an employee's justification for a religious exemption has nothing to do with the employee's job title. All employees who applied for religious exemptions are "similarly-situated" with respect to this issue.

Second, comparator evidence with respect to employees whose religious exemptions were <u>granted</u> is critical to understanding Defendant's own calculus for determining who could be accommodated and how they could be accommodated. Defendant's primary argument in the case at bar is that it would have been an undue hardship to accommodate Ms. Liu through continued remote work arrangements. Were other employees accommodated through remote work arrangements? If so, what was the nature of their job duties that permitted such an accommodation whereas Ms. Liu's supposedly did not? Again, job titles – attorney, paralegal, IT, whatever – don't matter. What matters is the nature of their job duties and how they were able to be accommodated. For example, if one employee who normally participated in in-person meetings with attorneys and clients could be accommodated by remote work, why couldn't Ms. Liu?

For these reasons, Plaintiff requests that Defendant be ordered to produce the comparator evidence requested in my March 5, 2025 letter

Yours truly,

/s/ *Steven M. Warshawsky*

Steven M. Warshawsky
*Attorney for Plaintiff*

cc: All Counsel of Record (via ECF)

Application DENIED without prejudice to renewal. It is hereby ORDERED that the parties shall meet and confer in good faith about the sufficiency of Defendant's past production (involving four employees' exemption requests) and April 2, 2025 production (involving a fifth employee's exemption request). *See* Dkt. No. 30 at 2 ("Defendant produced the exemption requests of four of these five employees before Plaintiff submitted her pending letter-motion. Defendant then produced the exemption request of the last remaining employee on April 2, 2025, the same date Plaintiff submitted the letter-motion."). If the parties are still at an impasse after meeting and conferring, it is further ORDERED that the parties shall jointly email Chambers at GarnettNYSDChambers@nysd.uscourts.gov to request a conference and provide the parties' joint availability. The Clerk of Court is respectfully directed to terminate Dkt. No. 29.

SO ORDERED. Date: 4/10/2025.

HON. MARGARET M. GARNETT
UNITED STATES DISTRICT JUDGE